IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:05-cr-118 |
| v. | : | Judge Holschuh |
| JASON DAVID-COLEMAN MUSE, | : | |
| Defendant. | : | |
| | : | |

**Memorandum Opinion and Order**

On May 5, 2005, Defendant was indicted on three counts of possession with intent to distribute cocaine base (i.e., crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[1]  Additionally, Defendant was indicted on three counts of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  The case is currently set for trial on March 7, 2006.  This matter is before the Court on Defendant's second motion to suppress evidence.  (Doc. # 30).  A hearing was held on March 6, 2006.

**I. Background**

Defendant was arrested on April 26, 2005, and booked at the Franklin County Jail. While in jail, Defendant made several telephone calls.  Defendant made his first telephone call from a telephone located on the first floor of the jail.  The evidence reflected that the first floor

---

[1]The indictment lists three occurrences in which Defendant allegedly possessed cocaine base and a firearm: (1) on January 23, 2005; (2) on February 24, 2005; and (3) on April 26, 2005. During the November 16, 2005 hearing, the Government's oral motion to dismiss Counts I and II of the indictment, regarding the January 23, 2005 events, was granted.  Additionally, on November 23, 2005, this Court issued an order granting Defendant's first motion to suppress. Thus, only counts 5 and 6, related to the April 26, 2005 occurrence, remain at issue.

telephone did not have a sign or a recording which warned Defendant that his calls would be monitored or recorded. The first floor telephone is used in connection with the process of booking an arrested person. The person is allowed one free telephone call in order to call someone and inform that person of the arrest. In the present case, a deputy sheriff dialed the number Defendant requested. The conversation was not recorded and is not the subject of any of Defendant's telephone conversations that the Government intends to offer in evidence.

Thereafter, Defendant was instructed to use the communal telephones on his assigned floor. Each cell had a telephone inside the cell. In order to make a call, an inmate had to dial his "slate" number and the telephone number he desired to call. The recipient of the call was informed of the person calling and that it would be a collect call. If the person called accepted the collect call, the inmate would talk to the person called. Although there was no sign in the cell regarding the monitoring and recording of the conversation, both the inmate and the recipient of the call were warned by a recorded voice – before any conversation takes place – that the telephone call "is subject to monitoring and recording."

Defendant placed several calls from his communal telephone. In particular, there are three calls made by Defendant that are at issue: (1) Defendant's call to Amanda Perry[2] on April 26, 2005 at 7:01 p.m.; (2) Defendant's call to Amanda Perry on April 27, 2005 at 12:58 p.m.; and (3) Defendant's conversation with Gavin[3] on April 28, 2005 at 11:18 p.m.

---

[2]Defendant and Amanda Perry were subsequently married.

[3]The Government indicates that this call was actually made to Amanda Perry's residence, but that the relevant conversation was with a person named Gavin.

II.  Discussion

    A.  Standard

The Sixth Circuit has recognized that, on a motion to suppress evidence, the burden of establishing a *prima facie* case is upon the movant.  United States v. Murrie, 534 F.2d 695, 697 (6th Cir. 1976).  See also United States v. Rodriguez-Suazo, 346 F.3d 637, 643 (6th Cir. 2003).  However, once a *prima facie* case has been established, the burden of proof shifts to the Government.  See Murrie, 534 F.2d at 698.

    B.  Application

Defendant argues that the Government violated his Fourth Amendment rights by monitoring and recording his calls made from the communal telephone at the jail.  Specifically, Defendant argues that, because his first telephone call during the booking process did not contain a warning, even though that call was not recorded, it rendered the warning given on his communal telephone that the call "is subject to monitoring and recording," misleading and ambiguous.  Defendant contends that it was reasonable for Defendant to infer some level of privacy in spite of that warning.  Defendant also argues, in the alternative, that the risk of unfair prejudice associated with the recorded telephone conversations substantially outweighs the probative value of such recordings.

        1.  Fourth Amendment

The Fourth Amendment, made applicable to the States by way of the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643 (1961), guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  The Fourth Amendment is implicated when the government intrudes into an area "in which there

3

is a 'constitutionally protected reasonable expectation of privacy.'" New York v. Class, 475 U.S. 106, 112 (1986) (citing Katz v. United States, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)). The Supreme Court has specifically concluded that the government cannot record private conversations without a valid warrant or proper authorization when the speaker has a reasonable expectation of privacy. Katz, 389 U.S. at 351-52.

It is clear that, in this case, there was no warrant. Thus, in order to establish a Fourth Amendment violation, Defendant must show that he had a constitutionally protected reasonable expectation of privacy. In order to establish such a constitutionally protected reasonable expectation of privacy, Defendant must show that: (1) he has an actual subjective expectation of privacy, and (2) society is objectively prepared to recognize that expectation. See United States v. Meriwether, 917 F.2d 955, 958 (6th Cir. 1990).

Defendant concedes that, before any conversation with the recipient occurred on the communal telephone, he was warned that his conversation "is subject to monitoring and recording." As noted earlier, Defendant nevertheless argues that such a warning was, in the specific context of this case, ambiguous. In support of his position, Defendant cites State v. Smith, 117 Ohio App.3d 656 (1997). However, in that case, the court noted that "[w]ith near unanimity, federal and state courts have upheld the practice" of monitoring inmate phone calls. Smith, 117 Ohio App.3d at 661. Specifically, the court held:

> (1) that where a prisoner has notice of a telephone monitoring practice and elects to place a telephone call, he has no subjective expectation of privacy and (2) that a prison is permitted under the Fourth Amendment to monitor telephone calls placed by its inmates in the interest of institutional security.

Id. Therefore, Smith does not support Defendant's position.

The Ninth Circuit Court of Appeals dealt with a similar issue in United States v. Lewis, No. 98-50246, 1999 WL 650567, * 1 (9th Cir. Aug. 25, 1999), cert. denied, 528 U.S. 1095 (2000). In that case, a pretrial detainee complained that his telephone conversations had been impermissibly recorded while he was in jail. The court held that "society is not objectively prepared to recognize an expectation of privacy from the recording of outbound jail phone calls to a non-attorney."[4] Lewis, 1999 WL 650567, *1 (citing United States v. Van Poyck, 77 F.3d 285, 291 & n.9 (9th Cir.), cert. denied, 519 U.S. 912 (1996)). See also United States v. Paul, 614 F.2d 115, 116 (6th Cir.), cert. denied, 446 U.S. 941 (1980) (noting that "[it] still appears to be good law that so far as the Fourth Amendment is concerned, jail officials are free to intercept conversations between a prisoner and a visitor").

Defendant was clearly put on notice that his calls, made from the communal telephone, were subject to monitoring and recording. Defendant therefore cannot reasonably claim a subjective expectation of privacy. Furthermore, this Court cannot conclude that there is an expectation of privacy recognized by society with respect to telephone calls made by a jail inmate to a non-lawyer. Defendant's contention that the monitoring and recording of his telephone calls violated his Fourth Amendment rights is without merit.

Even if Defendant could establish a constitutionally protected reasonable expectation of privacy, the Government can still justify the recording if it can establish that one of the exceptions to the warrant requirement applies. Voluntary consent is a well recognized exception to the warrant requirement. See Harajli v. Huron Tp., 365 F.3d 501, 506 (6th Cir. 2004) (citing

---

[4]The Court in Lewis also found the distinction between pretrial detainees and inmates convicted of a crime, for purposes of a Fourth Amendment expectation of privacy in outbound jail telephone calls to non-attorneys, to be unavailing.

Illinois v. Rodriguez, 497 U.S. 177, 181 (1990); United States v. Gillis, 358 F.3d 386, 390 (6th Cir. 2004) (citations omitted).

Defendant voluntarily consented, at least implicitly, to the recording of his conversations. Defendant was warned that the calls made from the communal telephones were subject to monitoring and recording. Nevertheless, Defendant placed the call and proceeded to make allegedly incriminating statements. As the Eighth Circuit has recognized, "[w]hen someone voluntarily participates in a telephone conversation knowing that the call is being intercepted, this conduct supports a finding of implied consent to the interception." United States v. Corona-Chavez, 328 F.3d 974, 978 (8th Cir. 2003). Also, the mere fact that Defendant was required to consent to the recording in order to make the call does not render the consent involuntary or in any way invalid. See United States v. Hammond, 286 F.3d 189, 192 (4th Cir.), cert. denied, 537 U.S. 900 (2002). Therefore, it appears that Defendant, at least impliedly, consented to the recording of his conversations.

### 2. Rule 403 of the Federal Rules of Evidence

Defendant also argues that, even if the recorded telephone conversations do not violate the Fourth Amendment, the probative value of those recordings are substantially outweighed by the risk of unfair prejudice. Initially, this Court notes that Defendant's Rule 403 argument appeared to apply to all of the recorded telephone conversations, some five in all. However, during the evidentiary hearing, counsel for Defendant indicated that a mistake had been made; only three recorded conversations were at issue, and only one was the subject of Defendant's Rule 403 argument. Counsel for Defendant clarified that Defendant's Rule 403 argument only pertained to Defendant's second recorded telephone conversation, *i.e.*, the April 27, 2005

6

conversation between Defendant and Amanda Perry.[5]

The April 27, 2005 recorded telephone conversation between Defendant and Amanda Perry includes the following:

> PERRY: I probably, I me-I got a little bit of money. And I'm gonna have to really, hmm...
>
> MUSE: Well, rock everything, don't sell, nothin' to nobody, I don't give a fuck if you gat all that shit or not. Don't sell nothin' to nobody. Nothing.
>
> PERRY: (unintelligible)
>
> MUSE: No, no weight to nobody. Sell you're 1/16ths out of there, don't nobody get 'em. Don't nobody get no deals on nothin'. Don't sell no balls to nobody, you better sell it how it is. Tell them if they won't get up over you on two grams, that's all you do. You don't sell nothin' to nobody, baby. For real, I'm gonna make all your money and more, and some. Believe that, if you sell weight out of there, you're gonna make your money ....
>
> PERRY: I can't do it. I can't do it, now. I really can't do it.
>
> MUSE: Well, I mean, your gonna make me, your gonna make me off-off of that, if you rock everything our and do it like you 'pose to do it, like you regular do it, you at least gonna make five stacks. Guaranteed. Its gonna be guaranteed.
>
> PERRY: That's the way I gotta do it.
>
> MUSE: You better know something. I don't give a fuck if your sister want a ball, niggers, no, no, nobody gets nothing. Nobody. Nobody. Everything is rocked out. Piece by piece. All three twenties, and, you know what I mean? Don't, don't, don't, just say 'cause you got other work you can sell. Oh, four twenties. Or three twenties

---

[5]The parties agreed to stipulate as to the foundational requirements for the recorded telephone calls and the identity of the voices contained on the recorded telephone calls. In return, the Government redacted any reference to the Franklin County Jail. Therefore, Defendant's objections based on the fact that the recordings might improperly reveal that he was in jail at the time are now moot.

>like you regular do.  Everything, keep it the same, baby.  I'm
>tellin' you, I'm tellin' you, you gonna make all your money and
>some, and some, when (you try)? To spend some and still have
>that, and still have the money, to, you know what I mean, believe
>that, man, I know.  I've been waitin' to (unintelligible) and shit,
>because, I me-you know what I mean?  You know.  You weigh it
>out like you always do, to do it, do.  Keep it the same, like you
>ain't had that.  Keep it the same baby, you gonna make your
>money, gonna be able to spend some, have more to spend, save
>some, put some up and by some more.  Believe that.

(Exhibit A, attached to Defendant's Second Motion to Suppress (Doc. #30)).

Rule 403 of the Federal Rules of Evidence provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403 .  Unfair prejudice does not mean damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Old Chief v. United States, 519 U.S. 172, 180 (1997).  See also United States v. Weinstock, 153 F.3d 272, 278 (6th Cir. 1998); United States v. Comer, 93 F.3d 1271, 1277 n.5 (6th Cir.), cert. denied 519 U.S. 1033 (1996).

Defendant argues that the April 27, 2005 recording contains unnecessary profanity that may inflame the jury and also that Defendant discusses unindicted, post-arrest, conduct.  The Government contends that this recording is relevant to the issue of whether Defendant had an intent to distribute the cocaine base at issue in this case.  The Government notes that, during the April 27, 2005 call, Defendant discusses methods of distributing contraband.  The Government contends that this is circumstantial evidence of Defendant's intent to distribute the cocaine base he allegedly possessed on April 26, 2005.

While the Court readily agrees that circumstantial evidence can be admitted for the purpose of establishing a defendant's state of mind – his intention– the relevancy of such evidence is far more questionable when it concerns: (1) an event that occurred <u>after</u> the conduct charged in the indictment when Defendant's state of mind at that time is an element of the offense being committed, and  (2) the subsequent event concerns a different amount – whatever that may be – of a controlled substance.  Even if such evidence could still be considered relevant, its probative value, in the Court's opinion, is not great.

Opposed to the strength of its probative value is – in the words of Evidence Rule 403 – the question of whether that probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403 .  The problem with the conversation between Defendant and his girlfriend on April 27, 2005, is that it does not refer to the crack cocaine that was recovered from Defendant's alleged possession on April 26, 2005.  The conversation obviously refers to material that Amanda Perry apparently had in her possession at a time after the Defendant allegedly possessed crack cocaine on April 26, 2005.

If the April 27, 2005 recorded telephone conversation is admitted into evidence, the jury would be required to speculate that: (1) the discussion is about crack cocaine, (2) the crack cocaine belonged to Defendant, (3) Defendant was telling Amanda Perry how to sell the crack cocaine, (4) the amount being discussed is an amount comparable to the amount seized when Defendant was arrested, and (5) Defendant is a distributor of crack cocaine.  The jury would then be permitted to infer that Defendant had the intent to distribute the 11.4 grams of cocaine base on

April 26, 2005. Additionally, the jury would also be permitted to infer that Defendant had involved his girlfriend in these illegal transactions as a part of a conspiracy – an offense not charged by the indictment.

The prejudice to Defendant is obvious. The jury would be informed that Defendant not only allegedly possessed 11.4 grams of cocaine base on April 26, 2005, but that he was also involved in more illegal drugs than the amount charged in the indictment and, from his jail cell, was directing how certain crack cocaine (in an unknown amount) was to be distributed. Evidence of dealing in illegal drugs with a girlfriend on an occasion different from the one charged in the indictment would be extremely prejudicial and, in the Court's opinion, the unfair prejudice could not be removed by some form of limiting instruction.

In balancing the factors the Court must consider under Rule 403, the Court has concluded that the probative value, if any, of the recorded conversation between Defendant and Amanda Perry on April 27, 2005 is substantially outweighed by the danger of unfair prejudice as well as confusion of the jury and misleading the jury regarding the only offenses charged in the indictment, *i.e.*, possession by Defendant with the intent to distribute 11.4 grams of crack cocaine and possession of a firearm in furtherance of that offense on April 26, 2005.[6]

**WHEREUPON**, Defendant's second motion to suppress (Doc. # 30) is **GRANTED** in

---

[6]This Court finds Defendant's argument with respect to profanity to be without merit.

part and **DENIED** in part.  The second recording, made on April 27, 2005 at 12:58 p.m. shall be excluded from evidence in this case.  All other recorded conversations identified by the parties, *i.e.*, the recording made on April 26, 2005 at 7:01 p.m. and the recording made on April 28, 2005 at 11:18 p.m. are not excluded from the evidence in this case.

**IT IS SO ORDERED.**

March 7, 2006                                                                   /s/ John D. Holschuh
                                                                                John D. Holschuh, Judge
                                                                                United States District Court