IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:05-cr-118 |
| v. | : | Judge Holschuh |
| JASON DAVID-COLEMAN MUSE, | : | |
| Defendant. | : | |
| | : | |

**Memorandum Opinion and Order**

On May 5, 2005, Defendant was indicted on three counts of possession with intent to distribute cocaine base (i.e., crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[1] Additionally, Defendant was indicted on three counts of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The case is currently set for trial on March 7, 2006. This matter is before the Court on Defendant's motion *in limine* to exclude recorded telephone conversations between Amanda Muse and Defendant.

---

[1] The indictment lists three occurrences in which Defendant allegedly possessed cocaine base and a firearm: (1) on January 23, 2005; (2) on February 24, 2005; and (3) on April 26, 2005. During the November 16, 2005 hearing, the Government's oral motion to dismiss Counts I and II of the indictment, regarding the January 23, 2005 events, was granted. Additionally, on November 23, 2005, this Court issued an order granting Defendant's first motion to suppress. Thus, only counts 5 and 6, related to the April 26, 2005 occurrence, remain at issue.

**I. Background**

Defendant was arrested on April 26, 2005, and booked at the Franklin County Jail. While in jail, Defendant made several telephone calls to his then girlfriend Amanda Perry.[2] Defendant was married to Amanda Perry on February 28, 2006. Defendant now argues that a combination of the marital privilege, along with Rules 403, 404, 405 and 501 of the Federal Rules of Evidence bars those recorded telephone conversations.

**II. Discussion**

    **A. Standard**

The purpose of a motion *in limine* is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible. See Indiana Ins. Co. v. General Elec. Co., 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing Jonasson v. Lutheran Child and Family Serv., 115 F.3d 436, 440 (7th Cir. 1997)). A court should only exclude evidence on a motion *in limine* when that evidence is determined to be clearly inadmissible. Indiana Ins. Co., 326 F. Supp.2d at 846. When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context.[3] Id.

---

[2] The specifics of the telephone calls made by Defendant were discussed in further detail in the Court's prior Memorandum Opinion and Order on Defendant's second motion to suppress.

[3] Thus, the denial of a motion *in limine* does not necessarily mean that the evidence will be admitted at trial over the objection of the opposing party; the Court will entertain any objections to a proffer of evidence during trial, even if the proffer falls within the scope of a denied motion *in limine*. Indiana Ins. Co., 326 F. Supp.2d at 846.

**B. Application**

Defendant argues that the Court should exclude the conversations that were recorded on April 26, 2005 and April 27, 2005 between Amanda Perry and him. However, this Court has already decided that the second recorded conversation, *i.e.,* the April 27, 2005 conversation, should be excluded. Therefore, this Court will limit its discussion to the first recorded conversation between Defendant and Amanda Perry, *i.e.*, the April 26, 2005 conversation.

Defendant argues that the April 26, 2005 conversation should be barred by an application of the marital privilege. There are two distinct marital privileges. First, there is the "adverse spousal testimony privilege." This privilege can be asserted by the witness-spouse, and applies to all testimony, including non-confidential matters and matters which occurred outside of the marriage. See Trammel v. United States, 445 U.S. 40, 53 (1980); United States v. Porter, 986 F.2d 1014, 1018 (6th Cir. 1993); United States v. Sims, 755 F.2d 1239, 1240 (6th Cir.), cert. denied, 473 U.S. 907 (1985); United States v. Byrd, 750 F.2d 585, 590 (7th Cir. 1985).

The spousal testimony privilege does not provide the relief requested by Defendant in this case. Defendant has no standing to raise the privilege. See Trammel, 445 U.S. at 53. Nor is there any indication, at this time, that Amanda Muse will be called to testify.

There is also a "confidential marital communications privilege." This privilege can be asserted by the non-testifying spouse, and applies to all confidential communications made during the marriage. See Trammel, 445 U.S. at 53; Porter, 986 F.2d at 1018; Sims, 755 F.2d at 1241; Byrd, 750 F.2d at 590 (7th Cir. 1985).

The confidential marital communications privilege also does not provide the relief

3

requested by Defendant in this case.  Although Defendant does have standing to assert the privilege, the communications at issue were not made in confidence.  See United States v. Klayer, 707 F.2d 892, 894 (6th Cir.1983) (concluding that private marital communications do not encompass evidence of communications made in the presence of third persons).  As was discussed in connection with Defendant's second motion to suppress, all recorded telephone conversations were preceded with a warning that the call "is subject to monitoring and recording."

Additionally, there is no dispute that the conversations either occurred, or were recorded prior to the marriage of Defendant to Amanda Muse.  In fact, counsel for Defendant agreed that Defendant was not married at the time of the April 26, 2005 conversation.  Therefore, this Court cannot conclude that either marital privilege would bar the admission of the April 26, 2005 recorded telephone conversation between Defendant and Amanda Muse.

Next, Defendant argues that Rules 403, 404, 405 and 501 of the Rules of Evidence bars the admission of the April 26, 2005 recorded conversation.  However, Defendant does not specifically address the application of these rules to the particular facts of this case, especially as they relate to the April 26, 2005 conversation.  The Court finds no basis for exclusion of the evidence under any of the cited rules.

**WHEREUPON**, Defendant's motion *in limine* (Doc. # 35) is **DENIED**.

**IT IS SO ORDERED.**

<u>March 7, 2006</u>						<u>/s/ John D. Holschuh	</u>
							John D. Holschuh, Judge
							United States District Court