IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

    vs.     :    CR-2-05-118
        JUDGE HOLSCHUH

JASON DAVID-COLEMAN MUSE

## **GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE**

Now comes the United States, by its counsel Assistant United States Attorney Salvador A. Dominguez, and based on the following memorandum, we respectfully request that this Court overrule Defendant's objections to the Presentence Investigation Report (PSR) and deny Defendant's motion for a downward departure from the otherwise applicable offense level and resulting sentencing guideline range.

        Respectfully submitted,

        GREGORY G. LOCKHART
        United States Attorney

        s/Salvador A. Dominguez
        SALVADOR A. DOMINGUEZ (0056232)
        Assistant United States Attorney
        303 Marconi Boulevard
        Suite 200
        Columbus, Ohio 43215
        (614) 469-5715
        Fax: (614) 469-5653
        Sal.Dominguez @usdoj.gov

## **MEMORANDUM**

Defendant has filed a sentencing memorandum which lodges an objection to one finding in the PSR and further requests that this Court depart downward from the otherwise applicable offense level and resulting sentencing guideline range. In section II of the

defendant's sentencing memorandum, the defendant characterizes himself as a small time drug dealer and as a "shoe hustler." He further suggests that it was his unwillingness to cooperate with Columbus Police detectives in an unrelated homicide investigation which "landed him in federal court." Defendant's statement in this regard could not be further from the truth. The Columbus Police Department, working in conjunction with the Bureau of Alcohol, Tobacco, Firearms, and Explosives instituted a local Violent Crime Initiative (VCIT) sponsored by a nationwide Department of Justice program. The initiative is designed to eradicate violent crime through the use of federal statutes to address individuals who engage in violent criminal activity. Regardless of the picture Defendant attempts to paint, the fact of the matter is that while Defendant was on bond for a robbery with firearm offense, and awaiting the disposition of that charge in the Franklin County court of Common Pleas, he was arrested on no less than three separate occasions, and on each of those occasions he was in possession of firearms and narcotics substances.[1] Indeed, on three separate occasions within a year of his robbery offense, defendant Muse continuously engaged in drug related activity while armed. The fact that he was on bond and was required to conduct himself in

---

1/These events occurred on January 23, February 24 and April 26, 2005. While this Court suppressed the crack cocaine discovered on Defendant's person on February 24, it was evident that he possessed that substance after having been observed by a law enforcement officer in possession of an SKS rifle.

2

a law abiding fashion did not deter him from engaging in serious illegal activity.  Defendant Muse, therefore, was absolutely a qualified candidate for the VCIT program as it was believed that Muse would continue to engage in violent criminal activity.  One need only look at Defendant Muse's criminal history to discern that he has a history of otherwise being involved in criminal activity.

Defendant's suggestion that he landed himself in Federal Court for his refusal to cooperate is nonsense.  Indeed, it was only after the defendant had been indicted in Federal Court that discussions were initiated with his counsel suggesting that he may cooperate in a homicide investigation with which he is intimately familiar.  Defendant Muse's counsel has never been advised that for some reason these serious federal charges would disappear upon his cooperation with the government. Mr. Muse refused to cooperate and provide information which was his prerogative.

In section III of his sentencing memorandum, the defendant states that inclusion of paragraph 41 to enhance his sentence is fundamentally unfair.  However he does not provide a basis for this belief.  U.S.S.G. §4A1.1(b)states: "add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a)." Additionally, the probation officer properly calculated two points for this offense conduct under U.S.S.G. §4A1.2(d)(2)(A).

The defendant states that his "family situation is particularly extraordinary."  Defendant then states that he is a

newlywed and has a young child, but nothing that the defendant has proffered reveals that his circumstance is in any way atypical, and that a downward departure is appropriate. Defendant correctly cites U.S.S.G. §5H1.6 which states "in sentencing a defendant convicted of an offense other than the offense described in the following paragraph, family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." Simply put, there is nothing offered by the defendant which suggests that his family ties and responsibilities are relevant are determining whether a downward departure may be warranted. Indeed, the United States Court of Appeals for the Sixth Circuit, in the following cases, has held that these instances do not warrant a downward departure: <u>United States v. Kohlbach</u>, 38 F.3d 832 (6th Cir. 1994)(departure based on past charitable deeds, standing in the community and as a church leader, and the humiliation, embarrassment and anguish caused by the loss of his good reputation; none of these is unusual or extraordinary); <u>United States v. Hays</u>, 899 F.2d 515 (6th Cir.) *cert. denied,* 498 U.S. 958 (1990)(cannot depart based on small quantity of drugs or lack of violence); <u>United States v. Brewer</u>, 899 F.2d 503 (6th Cir.), *cert. denied,* 498 U.S. 844 (1990)(cannot depart based on strong community support, children at home, remorse, prompt restitution, aberrant nature of offense. Again, the proffered rationale

advanced by Defendant to support a downward departure in the case at bar is without merit.

In Section IV of his sentencing memorandum, Defendant states "the government failed to prove that Defendant Muse possessed a firearm." Defendant is incorrect. The jurors determined that the defendant was not guilty of possessing a firearm <u>in furtherance of drug trafficking activity</u>. No one knows the rationale behind the jury's decision in this case. However, it is quite clear that this Court can consider the facts and circumstances surrounding the defendant's possession of the firearm to determine whether or not a two level enhancement is applicable under U.S.S.G. §2D1.1(b)(1). Here, the defendant himself admitted in a tape recorded conversation that he threw his "whatever, whatever" under the seat, precisely where the crack cocaine was found, and the defendant was found guilty on Count 1 of the Indictment. Moreover, the Sixth Circuit has made it quite clear that an acquittal on an 18 U.S.C. §924( c) offense at trial does not foreclose a firearm enhancement under Section 2D1.1(b)(1). <u>See</u> <u>United States v. Williams</u>, 894 F.2d 208, 211-212 (6th Cir. 1990). <u>See also</u> <u>United States v. Elder</u>, 90 F.3d 1110 (6th Cir.), <u>cert denied</u>. 519 U.S. 1016 (1996) (upon remand a court may consider a two level enhancement under U.S.S.G. §2D1.1(b)(1) following reversal of 18 U.S.C. §924(c) conviction due to Bailey decision); <u>United States v. Duncan</u>, 918 F.2d 647, 652 (under U.S.S.G §2D1.1(b)(1), firearm enhancement appropriate

5

following 18 U.S.C. §924( c) acquittal, citing differing standards of proof).

As this court is aware, after the government rested at trial the defense moved this court for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Upon hearing that motion, the court denied the motion and stated that the government had presented sufficient evidence for the jury to consider the count charging possession of a firearm in furtherance of a drug trafficking crime. Clearly, the government has met the preponderance of the evidence standard which warrants the applicability of U.S.S.G. §2D1.1(b)(1), as that enhancement does not require satisfaction of the "in furtherance of a drug trafficking crime" element.

The defendant concludes by suggesting that sentencing this "shoe hustler" to a sentence within the existing applicable guideline range is inappropriate. One need only listen to the defendant's own tape recorded conversations to verify that he is not just a "shoe hustler." In those tape recorded conversations the defendant is heard informing his girlfriend as to how to "rock up" the crack cocaine in order to make "stacks", i.e. substantial sums of money. Defendant further discusses how certain situations make him more violent, how he is ready to kill kids and take away everyone's life. Even in a conversation with his own mother, his mother responds to Defendant by stating, "I'm not like you Jason,

I don't shoot up things." These audiotapes may be heard at Defendant's sentencing hearing.

WHEREFORE, the government respectfully requests that this Court overrule Defendant's objections to the PSR and deny Defendant's request for a downward departure.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/Salvador A. Dominguez
SALVADOR A. DOMINGUEZ (0056232)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Sal.Dominguez @usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response was served this 14th day of August, 2006 electronically on Bradley Davis Barbin, Maguire and Schneider LLP, 250 Civic Center Drive, Suite 200, Columbus, Ohio 43215, attorney for Defendant Muse.

s/Salvador A. Dominguez
SALVADOR A. DOMINGUEZ (0056232)
Assistant United States Attorney